1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

COMMODITY FUTURES
TRADING COMMISSION, and

ALABAMA SECURITIES
COMMISSION, ARIZONA
CORPORATION COMMISSION,
ARKANSAS SECURITIES
DEPARTMENT, CALIFORNIA
DEPARTMENT OF FINANCIAL
PROTECTION & INNOVATION,
STATE OF CONNECTICUT
DEPARTMENT OF BANKING,
STATE OF FLORIDA, OFFICE OF
FINANCIAL REGULATION,
STATE OF HAWAII,
DEPARTMENT OF COMMERCE
AND CONSUMER AFFAIRS,
STATE OF IDAHO, DEPARTMENT
OF FINANCE, OFFICE OF
SECRETARY OF STATE,
ILLINOIS SECURITIES
DEPARTMENT, INDIANA
SECURITIES DIVISION, IOWA
INSURANCE COMMISSIONER
DOUGLAS M. OMMEN,
KENTUCKY DEPARTMENT OF
FINANCIAL INSTITUTIONS,
STATE OF MARYLAND EX REL
MARYLAND SECURITIES
COMMISSIONER, ATTORNEY
GENERAL DANA NESSEL ON
BEHALF OF THE PEOPLE OF THE
STATE OF MICHIGAN,
MISSISSIPPI SECRETARY OF

Case No. 2:22-cv-00691-JFW-SK

STIPULATED PROTECTIVE
ORDER

STATE, MISSOURI
COMMISSIONER OF
SECURITIES, NEBRASKA
DEPARTMENT OF BANKING &
FINANCE, NEW MEXICO
SECURITIES DIVISION, THE
PEOPLE OF THE STATE OF NEW
YORK BY LETITIA JAMES,
ATTORNEY GENERAL OF THE
STATE OF NEW YORK, NORTH
CAROLINA DEPARTMENT OF
THE SECRETARY OF STATE,
OHIO DEPARTMENT OF
COMMERCE, DIVISION OF
SECURITIES, OKLAHOMA
DEPARTMENT OF SECURITIES,
STATE OF OREGON, BY AND
THROUGH ITS DEPARTMENT OF
CONSUMER AND BUSINESS
SERVICES AND ATTORNEY
GENERAL ELLEN F.
ROSENBLUM, STATE OF SOUTH
CAROLINA, BY AND THROUGH
ALAN WILSON, SOUTH
CAROLINA ATTORNEY
GENERAL, AND MARK
HAMMOND, SOUTH CAROLINA
SECRETARY OF STATE, SOUTH
DAKOTA DEPARTMENT OF
LABOR AND REGULATION,
COMMISSIONER OF THE
TENNESSEE DEPARTMENT OF
COMMERCE & INSURANCE,
UTAH DIVISION OF SECURITIES,
VERMONT DEPARTMENT OF
FINANCIAL REGULATION,
WASHINGTON STATE
DEPARTMENT OF FINANCIAL
INSTITUTIONS, and THE STATE
OF WISCONSIN,

Plaintiffs,
v.

SAFEGUARD METALS LLC and
JEFFREY SANTULAN a/k/a
JEFFREY HILL,

Defendants.

1. A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3 (Filing Protected Material), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B. <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve proprietary, confidential, commercially sensitive information, personally identifiable information protected under the Privacy Act of 1974, <u>5 U.S.C. § 552a</u>, or other confidential research, development, or commercial information as such terms are used in <u>Fed. R. Civ. P. 26(c)(1)(G)</u> whether embodied in documents, physical objects or factual knowledge of persons for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common

law.   Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.      DEFINITIONS

2.1    Action:  The above-entitled case caption.

2.2    Challenging Party:   a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.  In addition to other material handled in a confidential manner and designated as "CONFIDENTIAL" by the Parties in this Protective Order, the CFTC may designate as "CONFIDENTIAL" any information that it believes in good faith is protected by the Privacy Act of 1974, 5 USC § 552a or Sections 8(a) and 23(h)(2) of the Commodity Exchange Act, 7 U.S.C. §§ 12(a), 26(h)(2).  All terms of this Protective Order applicable to other types of information designated as "CONFIDENTIAL" shall apply to CFTC-designated Privacy Act and CEA-protected information.  All Parties to this litigation, their attorneys, and any experts, as well as non-party participants, shall comply with the terms and procedures set forth herein with respect to documents and information produced and/or disclosed in discovery and otherwise in this litigation.

2.4     Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, including support staff.

2.11    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material:   any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   Receiving Party:   a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

This Protective Order shall govern the use of all materials or other information supplied or produced in the course of discovery, including initial disclosures, responses to discovery requests, and deposition testimony and exhibits, by and among the Parties and any non-parties to the Action in connection with discovery in the Action, whether supplied or produced pursuant to a formal discovery request or subpoena, a request made at a deposition, or any other formal or informal means (such information hereinafter referred to as "Discovery Material").  This Protective Order shall also govern the redacted filing of certain information and certain other matters in connection with this Action.  All Parties to this Action and their attorneys, as well as non-party participants, shall comply with the terms and procedures set forth below with respect to documents and materials produced and/or disclosed in discovery.  Notwithstanding anything else contained herein, nothing in this Protective Order shall in any way limit the right of a producing or supplying party (hereinafter "Producing Party") to make whatever use it deems appropriate of its own documents.

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the

6

trial judge.  This Order does not govern the use of Protected Material at trial.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in

this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, all protected testimony.

(c) for information produced in some form other than documentary and

for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   Inadvertent Failures to Designate.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material, so long as the designation is corrected within a reasonable amount of time upon learning about the error. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2   Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Civil Local Rule 37-1 et seq.

6.3   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties  shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles.  A Receiving Party may use Protected Material that

is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Protected Material shall not be used for any commercial, business, or other purpose not specifically included in the Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Counsel of record are responsible for employing reasonable measures to control access to and distribution of information designated as CONFIDENTIAL. Except as provided herein, counsel for the Parties shall keep all documents designated as CONFIDENTIAL secure within their possession. Each person accessing or receiving information designated as CONFIDENTIAL shall receive, process, use, store, maintain, disclose, transmit, backup, handle extracts of, and dispose of such Confidential Information: (i) only in compliance with the terms of this Protective Order; (ii) in a location and manner sufficient to protect such information from unauthorized access or disclosure; and (iii) in accordance with industry standard safeguards and applicable Federal information confidentiality and security laws and regulations. Applicable Federal regulations include the Federal Information Processing Standards ("FIPS") and Special Publications issued by the National Institute for Standards and Technology ("NIST"). Specifically with regard to Confidential Information produced by the Commission in this action on electronic storage media, the receiving Party must maintain, transmit, and store such data only in encrypted form, using an encryption program certified by NIST as FIPS 140-3 compliant.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u>
<u>IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE</u>
<u>PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

1       (b) In the event that a Party is required, by a valid discovery request, to

2 produce a Non-Party's confidential information in its possession, and the Party is

3 subject to an agreement with the Non-Party not to produce the Non-Party's

4 confidential information, then the Party shall:

5       (1) promptly notify in writing the Requesting Party and the Non-Party

6 that some or all of the information requested is subject to a confidentiality agreement

7 with a Non-Party;

8       (2) promptly provide the Non-Party with a copy of the Stipulated

9 Protective Order in this Action, the relevant discovery request(s), and a reasonably

10 specific description of the information requested; and

11       (3) make the information requested available for inspection by the Non-

12 Party, if requested.

13       (c) If the Non-Party fails to seek a protective order from this Court within

14 14 days of receiving the notice and accompanying information, the Receiving Party

15 may produce the Non-Party's confidential information responsive to the discovery

16 request.  If the Non-Party timely seeks a protective order, the Receiving Party shall

17 not produce any information in its possession or control that is subject to the

18 confidentiality agreement with the Non-Party before a determination by the Court.

19 Absent a court order to the contrary, the Non-Party shall bear the burden and

20 expense of seeking protection in this Court of its Protected Material.

21 10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

22       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

23 Protected Material to any person or in any circumstance not authorized under this

24 Stipulated Protective Order, the Receiving Party must immediately after discovery

25 of such situation:

26       a.   notify the other Parties, and the Producing Party and/or the Party whose

27 information was lost, accessed, or disclosed without authorization, and where

28 required by law, appropriate law enforcement entity(ies) of the situation in writing.

To the extent possible, the notification shall identify the Confidential Information at issue, circumstances surrounding the incident (including to whom, how, when and where the Confidential Information was placed at risk or compromised) and any other information that the Party whose Confidential Information was affected considers relevant;

b.   take appropriate action to cure and prevent any further risk of loss, unauthorized access or disclosure of the information; and

c.   fully cooperate with the Party whose information was lost, or accessed or disclosed without authorization in order to comply with parts 10(a) and 10(b) above.

The identification under this section of a party to whom disclosure was made shall not constitute a waiver of attorney work product or attorney-client privileges. Nothing contained in this Order shall be deemed or relied upon to limit the rights of the Parties to seek equitable or other relief from the responsible Party in the event of a loss, unauthorized access, or unauthorized disclosure of Confidential Information, or create any right or benefit, substantive or procedural, for any person or entity other than the Parties.

11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in <u>Federal Rule of Civil Procedure 26(b)(5)(B)</u>.   This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.   Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated

1  protective order submitted to the Court.

2  12.  MISCELLANEOUS

3  12.1  Particularly Sensitive Confidential Information: Notwithstanding any
4  other terms in this Protective Order, the producing Party may redact or withhold
5  particularly sensitive personally identifiable information that is not relevant, the
6  unauthorized disclosure of which could result in substantial harm to an individual.
7  Such information may include, but is not limited to, social security numbers and
8  passport numbers.   The producing Party shall provide a log identifying the type of
9  information withheld and the reason for the redaction or withholding.

10  12.2 CFTC "Routine Uses"  and Compliance with CFTC Mandates:
11  Notwithstanding any the foregoing terms, nothing in this Protective Order shall limit
12  the CFTC's retention or use of any Discovery Material, including information
13  designated by any Party to this Order as Confidential or Highly Confidential, for any
14  of the "Routine Uses of Information" identified in the applicable CFTC Privacy Act
15  System of Records Notices, or as otherwise authorized, permitted, or required by
16  statutes and regulations governing CFTC practice, policy and procedures, including
17  without limitation, Sections 8 and 12 of the Commodity Exchange Act, the Federal
18  Records Act and the Freedom of Information Act.

19  12.3  Right to Relief.  Nothing in this Order abridges the right of any person
20  to seek its modification by the Court in the future.

21  12.4  Right to Assert Other Objections.  By stipulating to the entry of this
22  Protective Order, no Party waives any right it otherwise would have to object to
23  disclosing or producing any information or item on any ground not addressed in this
24  Stipulated Protective Order.  Similarly, no Party waives any right to object on any
25  ground to use in evidence of any of the material covered by this Protective Order.

26  12.5  Filing Protected Material.  A Party that seeks to file under seal any
27  Protected Material must comply with Civil Local Rule 79-5.  Protected Material
28  may only be filed under seal pursuant to a court order authorizing the sealing of the

specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in Section 4 (DURATION), within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.   Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: November 22, 2022

Respectfully submitted,

FOR PLAINTIFF
COMMODITY FUTURES TRADING COMMISSION

/s/ Clemon D. Ashley
CLEMON D. ASHLEY
Commodity Futures Trading Commission
2600 Grand Boulevard, Suite 210
Kansas City, MO 64108
Email: cashley@cftc.gov
Telephone: (816) 960-7700
Facsimile:  (816) 960-7750

FOR STATE PLAINTIFFS

By: /s/ Stephen P. Feaga

By:/s/ George C. Bedell III

STEPHEN P. FEAGA
Attorney for Plaintiff
ALABAMA SECURITIES
FINANCIAL
COMMISSION

GEORGE C. BEDELL III
Attorney for Plaintiff
FLORIDA OFFICE OF
REGULATION

By: /s/ Elizabeth Schmitt

By: /s/ Rayni M. Nakamura-Watanabe

ELIZABETH SCHMITT
*pro hac vice pending*
Attorney for Plaintiff
ARIZONA CORPORATION
COMMISSION

RAYNI M. NAKAMURA-
WATANABE
Attorney for Plaintiff
STATE OF HAWAII
DEPARTMENT OF COMMERCE
AND CONSUMER AFFAIRS

By: /s/ Joseph Joslin

By: /s/ Loren Messerly

JOSEPH JOSLIN
Attorney for Plaintiff
ARKANSAS SECURITIES
DEPARTMENT

LOREN MESSERLY
Attorney for Plaintiff
STATE OF IDAHO
DEPARTMENT OF FINANCE

By: /s/ Kelly Suk

By: /s/ Paula Bouldon

KELLY SUK
Attorney for Plaintiff
CALIFORNIA DEPARTMENT OF

PAULA BOULDON
Special Assistant Attorney General
Attorney for Plaintiff

17

| | |
|---|---|
| FINANCIAL PROTECTION & OF INNOVATION | OFFICE OF THE SECRETARY STATE, ILLINOIS SECURITIES DEPARTMENT |
| By: /s/ James W. Caley | By: /s/ Jefferson S. Garn |
| JAMES W. CALEY<br>Attorney for Plaintiff<br>STATE OF CONNECTICUT<br>DIVISION<br>DEPARTMENT OF BANKING | JEFFERSON S. GARN<br>Attorney for Plaintiff<br>INDIANA SECURITIES |
| By: /s/ Amanda K. Robinson | By: /s/ Joshua Shasserre |
| AMANDA K. ROBINSON<br>Attorney for Plaintiff<br>IOWA INSURANCE DIVISION | JOSHUA SHASSERRE<br>Attorney for Plaintiff<br>NEBRASKA DEPARTMENT OF BANKING & FINANCE |
| By: /s/ Gary A. Stephens | By: /s/ Alissa N. Berger |
| GARY A. STEPHENS<br>Attorney for Plaintiff<br>KENTUCKY DEPARTMENT OF FINANCIAL INSTITUTIONS | ALISSA N. BERGER<br>Attorney for Plaintiff<br>NEW MEXICO SECURITIES DIVISION |
| By: /s/ Max F. Brauer | By: /s/ Tatyana Trakht |
| MAX F. BRAUER<br>Attorney for Plaintiff<br>STATE OF MARYLAND EX REL<br>MARYLAND SECURITIES<br>COMMISSIONER | TATYANA "TANYA" TRAKHT<br>Attorney for Plaintiff<br>ATTORNEY GENERAL OF THE STATE OF NEW YORK |
| By: /s/ Michael S. Hill | By: /s/ Sherrell Forbes |
| MICHAEL S. HILL<br>Attorney for Plaintiff<br>ATTORNEY GENERAL DANA NESSEL<br>ON BEHALF OF THE PEOPLE OF<br>THE STATE OF MICHIGAN | SHERRELL FORBES<br>Attorney for Plaintiff<br>NORTH CAROLINA<br>DEPARTMENT OF THE<br>SECRETARY OF STATE |

By: /s/ James Rankin

JAMES RANKIN
Attorney for Plaintiff
MISSISSIPPI SECRETARY OF STATE

By: /s/ Steven M. Kretzer

STEVEN M. KRETZER
Attorney for Plaintiff

MISSOURI COMMISSIONER OF SECURITIES

By: /s/ Robert Fagnant

ROBERT FAGNANT
Attorney for Plaintiff
OKLAHOMA DEPARTMENT
OF SECURITIES

By: /s/ Daniel J. Rice

DANIEL J. RICE
Attorney for Plaintiff
STATE OF OREGON, BY AND
THROUGH ITS DEPARTMENT OF
CONSUMER AND BUSINESS SERVICES
AND ATTORNEY GENERAL
ELLEN F. ROSENBLUM

By: /s/ Jonathan Williams

JONATHAN WILLIAMS
Attorney for Plaintiff
STATE OF SOUTH CAROLINA
OFFICE OF ATTORNEY GENERAL

By: /s/ Shannon A. Wiley

SHANNON A. WILEY
Attorney for Plaintiff
STATE OF SOUTH CAROLINA

By: /s/ Chad M. Kohler

CHAD M. KOHLER
Attorney for Plaintiff
OHIO DEPARTMENT OF
COMMERCE, DIVISION OF
SECURITIES

By: /s/ Kevin M. Kreutz

KEVIN M. KREUTZ
Attorney for Plaintiff
COMMISSIONER OF THE
TENNESSEE DEPARTMENT OF
COMMERCE AND INSURANCE

By: /s/ Jennifer Korb

JENNIFER KORB
Attorney for Plaintiff
UTAH ATTORNEY GENERAL'S
OFFICE, UTAH DIVISION OF
SECURITIES

By: /s/ Jennifer Rood

JENNIFER ROOD
Attorney for Plaintiff
VERMONT DEPARTMENT OF
FINANCIAL REGULATION

By: /s/ Stephen S. Manning

STEPHEN S. MANNING
Attorney for Plaintiff
WASHINGTON STATE

19

| | |
|---|---|
| OFFICE OF THE SECRETARY OF STATE | DEPARTMENT OF FINANCIAL INSTITUTIONS, SECURITIES DIVISION |

By: /s/ Clayton Grueb                    By: /s/ Laura E. McFarlane

CLAYTON GRUEB                          LAURA E. MCFARLANE
Attorney for Plaintiff                     Attorney for Plaintiff
STATE OF SOUTH DAKOTA             THE STATE OF WISCONSIN
DEPARTMENT OF LABOR &
REGULATION

DATED: November 22, 2022

By: /s/ *Paul A. Rigali*
Paul A. Rigali
Jerry A. Behnke
Catherine S. Owens
Chloë N. Coleman
Attorneys for Defendants
SAFEGUARD METALS LLC and JEFFREY S. SANTULAN

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: November 22, 2022

Honorable Steve Kim
United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] in the case of *CFTC, et al v. Safeguard Metals, LLC, et al.*, Case No. 2:22-

cv-00691-JFW-SK.  I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order, and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I

solemnly promise that I will not disclose in any manner any information or item that

is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [print

or type full name] of _____ [print or type

full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____