Note Changes by Court

Closed

# THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAFEGUARD METALS LLC and JEFFREY IKAHN (a/k/a JEFFREY S. SANTULAN and JEFF HILL), <br><br> Defendants. | Civil No.: 2:22-cv-00691-JFW-SKx <br><br> **FINAL JUDGMENT ORDERING RESTITUTION AND A CIVIL MONETARY PENALTY AGAINST DEFENDANTS** |

## I.  INTRODUCTION

On February 1, 2022, Plaintiff Commodity Futures Trading Commission ("CFTC") and Plaintiffs Alabama Securities Commission ("State of Alabama"),

Arizona Corporation Commission ("State of Arizona"), Arkansas Securities Department ("State of Arkansas"), California Department of Financial Protection & Innovation ("State of California"), State of Connecticut Department of Banking ("State of Connecticut"), State of Florida, Office of Financial Regulation ("State of Florida"), State of Hawaii, Department of Commerce and Consumer Affairs ("State of Hawaii"), Idaho Department of Finance ("State of Idaho"), Office of the Secretary of State, Illinois Securities Department ("State of Illinois"), Indiana Securities Division ("State of Indiana"), Iowa Insurance Commissioner Douglas M. Ommen ("State of Iowa"), Kentucky Department of Financial Institutions ("Commonwealth of Kentucky"), State of Maryland Ex Rel the Maryland Securities Commissioner ("State of Maryland"), Attorney General Dana Nessel on Behalf of the People of the State of Michigan ("People of the State of Michigan"), Mississippi Secretary of State ("State of Mississippi"), Missouri Commissioner of Securities ("State of Missouri"), Nebraska Department of Banking & Finance ("State of Nebraska"), Securities Division New Mexico Regulation and Licensing Department ("State of New Mexico"), The People of the State of New York by Letitia James, Attorney General of the State of New York ("State of New York"), North Carolina Department of the Secretary of State ("State of North Carolina"), Ohio Department of Commerce, Division of Securities ("State of Ohio"), Oklahoma Department of Securities ("State of Oklahoma"), State of Oregon, by and through its Department of Consumer and Business Services and Attorney General Ellen F. Rosenblum ("State of Oregon"),

State of South Carolina, by and through Alan Wilson, South Carolina Attorney General ("State of South Carolina"),[1] South Dakota Department of Labor & Regulation ("State of South Dakota"), Commissioner of the Tennessee Department of Commerce and Insurance ("State of Tennessee"), Utah Division of Securities ("State of Utah"), Vermont Department of Financial Regulation ("State of Vermont"), Washington State Department of Financial Institutions ("State of Washington"), and the State of Wisconsin ("State of Wisconsin") (collectively "the States"), filed a complaint against Defendants Safeguard Metals LLC ("Safeguard Metals") and Jeffrey Ikahn (a/k/a Jeffrey S. Santulan and Jeff Hill) ("Ikahn") (collectively referred to as "Defendants") seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for violations of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1–26 and the Commission's Regulations ("Regulations") promulgated thereunder, 17 C.F.R. pts. 1–190 (2025), as well as violations of state laws.[2]

The Court approved the entry of a Consent Order for Permanent Injunction and Other Statutory and Equitable Relief Against Defendants on October 20, 2023, (ECF 201) ("Consent Order"). The Consent Order included findings that Defendants are

---

[1] Effective May 22, 2025, pursuant to 2025 S.C. Act No. 67, the Administrator under the South Carolina Commodities Code, S.C. Code 39-73-10, *et seq.*, was changed from the South Carolina Secretary of State to the South Carolina Attorney General.

[2] Plaintiffs filed an Amended Complaint on May 5, 2022 (ECF 104) and a Second Amended Complaint on September 6, 2023 (ECF 195), including the initial complaint (ECF 1), all are collectively defined herein as the "Complaint."

liable in this proceeding for all violations of the Act, Regulations, and various state laws alleged in the Complaint. (ECF 201, ¶¶ 84, 87). The Consent Order also permanently enjoined Defendants from, among other things, violating the Act or Regulations and various state laws that were the subject of the Complaint. (ECF 201, ¶¶ 91-98). The Consent Order reserved the issues of necessary relief pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, as well as pursuant to the applicable laws of the States, regarding restitution for Defendants' defrauded investors and appropriate civil monetary penalties to be assessed against Defendants for further determination by this Court upon motion of the CFTC or the States. (ECF 201, ¶¶ 16, 100).

On August 28, 2025, Plaintiffs filed a Motion for Restitution and a Civil Monetary Penalty Against Defendants ("Motion"). (ECF 235). After carefully considering the Motion, the Complaint, the Consent Order, and the record in this case, the Court granted Plaintiffs' Motion.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED THAT:

## II. RESTITUTION AND CIVIL MONETARY PENALTY

**A. Restitution**

1.      Defendants shall pay, jointly and severally, restitution in the amount of $25,569,303[3] ("Restitution Obligation").  If the Restitution Obligation is not paid immediately, post-judgment interest shall accrue on the Restitution Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. §1961.

2.      The Restitution Obligation will be offset by the amount of any disgorgement paid in *SEC v. Safeguard Metals LLC and Jeffrey Ikahn*, Case No. 2:22-cv-00693-JFW-SK (C.D. Cal.) (the "SEC Action").  Defendants shall provide proof of any payment in the SEC Action, including the case name and number in connection with which such payment has been made, and the amount by which the Restitution Obligation is to be reduced, within ten days of making such payment to the Chief Financial Officer, and Chuck Marvine, Deputy Director & Acting Chief of the Retail Fraud and General Enforcement Task Force, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581 and to the States in accordance with paragraph 15 herein.

---

[3] This amount includes individuals who were identified in the Plaintiffs' Notice of Motion, Motion for Restitution and a Civil Monetary Penalty Against Defendants, and Memorandum of Points and Authorities in Support, from states wherein victim recovery programs are available.

3. To effect payment of the Restitution Obligation and the distribution of any restitution payments, the Court appoints the National Futures Association ("NFA") as Monitor ("Monitor"). The Monitor shall receive restitution payments from Defendants and make distributions as set forth below. Because the Monitor is an officer of this Court in performing these services, the NFA shall not be liable for any action or inaction arising from NFA's appointment as Monitor, other than actions involving fraud.

4. Defendants shall pay any portion of the Restitution Obligation that has not been offset and any post-judgment interest payments, under this Order to the Monitor in the name "Safeguard–Restitution Fund" and shall send such payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, to the Office of Administration, National Futures Association, 320 South Canal Street – 24th Floor, Chicago, Illinois 60606 under cover letter that identifies the paying Defendant(s) and the name and docket number of this proceeding. The paying Defendant(s) shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, and Chuck Marvine, Deputy Director & Acting Chief of the Retail Fraud and General Enforcement Task Force, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581 and to the States in accordance with paragraph 15 herein.

5. The Monitor shall oversee the Restitution Obligation and shall have the discretion to determine the manner of distribution of such funds in an equitable fashion to Defendants' customers identified by the Plaintiffs or may defer distribution until such time as the Monitor deems appropriate. In the event that the amount of Restitution Obligation payments to the Monitor are of a *de minimis* nature such that the Monitor determines that the administrative cost of making a distribution to Defendants' customers is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the CFTC following the instructions for civil monetary penalty payments set forth in Part II. B. below.

6. Defendants shall cooperate with the Monitor as appropriate to provide such information as the Monitor deems necessary and appropriate to identify Defendants' customers to whom the Monitor, in its sole discretion, may determine to include in any plan for distribution of any Restitution Obligation payments. Defendants shall execute any documents necessary to release funds that they have in any repository, bank, investment or other financial institution, wherever located, to make partial or total payment toward the Restitution Obligation.

7. The Monitor shall provide the CFTC at the beginning of each calendar year with a report detailing the disbursement of funds to Defendants' customers during the previous year. The Monitor shall transmit this report under a cover letter that identifies the name and docket number of this proceeding to the Chief Financial

Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

8. The amounts payable to each customer shall not limit the ability of any customer from proving that a greater amount is owed from Defendants or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any customer that exist under state or common law.

9. Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each customer of Defendants who suffered a loss is explicitly made an intended third-party beneficiary of this Order and may seek to enforce obedience of this Order to obtain satisfaction of any portion of the restitution that has not been paid by Defendants to ensure continued compliance with any provision of this Order and to hold Defendants in contempt for any violations of any provision of this Order.

10. To the extent that any funds accrue to the U.S. Treasury for satisfaction of Defendants' Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above.

**B. Civil Monetary Penalty**

11. Defendants shall pay, jointly and severally, to Plaintiffs a civil monetary penalty in the amount of $25,569,303 ("CMP Obligation"), within ten days of the date of entry of this Order. If the CMP Obligation is not paid in full within ten days of the date of entry of this Order, then post-judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Order and shall be determined

by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

12.   The CMP Obligation will be offset by the amount of any civil monetary penalty paid in the SEC Action.  Defendants shall provide proof of any payment in the SEC Action, including the case name and number in connection with which such payment has been made, and the amount by which the CMP Obligation is to be reduced, within ten days of making such payment to the Chief Financial Officer, Commodity Futures Trading Commission, and Chuck Marvine, Deputy Director & Acting Chief of the Retail Fraud and General Enforcement Task Force, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, and to the States in accordance with paragraph 15 herein.

13.   Defendants shall pay any portion of the CMP Obligation that has not been offset and any post-judgment interest, by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order.  If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

    MMAC/ESC/AMK326
    Commodity Futures Trading Commission
    Division of Enforcement
    6500 S. MacArthur Blvd.

```
HQ Room 266
Oklahoma City, OK 73169
(405) 954-6569 office
(405) 954-1620 fax
9-amz-ar-cftc@faa.gov
```

If payment by electronic funds transfer is chosen, Defendants shall contact the Commodity Futures Trading Commission at the above email address to receive payment instructions and shall fully comply with those instructions. Defendants shall accompany payment of the CMP Obligation with a cover letter that identifies the paying Defendant(s) and the name and docket number of this proceeding. The paying Defendant(s) shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, and Chuck Marvine, Deputy Director & Acting Chief of the Retail Fraud and General Enforcement Task Force, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581 and to the States in accordance with paragraph 15 herein.

**C. Provisions Related to Monetary Sanctions**

14. Partial Satisfaction: Acceptance by the CFTC, the Monitor, or the States of any partial payment of Defendants' Restitution Obligation or CMP Obligation shall not be deemed a waiver of their obligation to make further payments pursuant to this Order, or a waiver of the CFTC's and the States' rights to seek to compel payment of any remaining balance.

**III. MISCELLANEOUS PROVISIONS**

15. Notice: All notices required to be given by any provision in this Order shall be sent certified mail, return receipt requested, as follows:

Notice to CFTC:

Chuck Marvine
Deputy Director &
Acting Chief of the Retail Fraud and General Enforcement Task Force
Commodity Futures Trading Commission
Division of Enforcement
2600 Grand Boulevard, Suite 200
Kansas City, MO 64108

Notice to the States:

Notice to the States shall be sent to the respective counsel of record for the States in this proceeding.

Notice to Defendants Ikahn and Safeguard Metals:

Paul A. Rigali
Larson LLP
555 S. Flower Street, Suite 4400
Los Angeles, CA 90071

All such notices to the CFTC, the States, or the NFA shall reference the name and docket number of this action.

16. Notice to Creditors: Until such time as Defendants satisfy in full their Restitution Obligation and CMP Obligation, upon the commencement by or against Defendants of insolvency, receivership or bankruptcy proceedings or any other proceedings for the settlement of Defendants' debts, all notices to creditors required to be furnished to the CFTC under Title 11 of the United States Code or other

applicable law with respect to such insolvency, receivership, bankruptcy or other proceedings, shall be sent to the address below:

> Secretary of the Commission
> Legal Division
> Commodity Futures Trading Commission
> Three Lafayette Centre
> 1155 21st Street N.W.
> Washington, DC 20581

All notices required to be sent to the States shall be sent to their counsel of record in these proceedings.

17. Change of Address/Phone: Until such time as Defendants satisfy in full their Restitution Obligation and CMP Obligation as set forth in this Order, Defendants shall provide written notice to the CFTC and the States by certified mail of any change to their telephone number and mailing address within ten calendar days of the change.

18. Invalidation: If any provision of this Order or if the application of any provision or circumstance is held invalid, then the remainder of this Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

19. Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this action to ensure compliance with this Order and for all other purposes related to this action, including any motion by Defendants to modify or for relief from the terms of this Order.

20. This Order shall be binding upon Defendants upon any person under the authority or control of the Defendants, and upon any person who receives actual notice of this Order, by personal service, e-mail, facsimile or otherwise insofar as he or she is acting in active concert or participation with Defendants.

The Clerk of the Court is hereby directed to enter this *Final Judgment Ordering Restitution and a Civil Monetary Penalty Against Defendants*.

**IT IS SO ORDERED** on this 30th day of September 2025.

_____
**John F. Walter,**
**UNITED STATES DISTRICT JUDGE**